UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

NOEL CINTRON,
    Plaintiff,

        vs.        02-3229

GARY JONES, et al.,
    Defendants.

ORDER

The plaintiff seeks leave to proceed on appeal in forma pauperis, d/e 73. The plaintiff is appeal the court's March 21, 2005 order denying the plaintiff's motion for appointment of counsel. For the reason stated in its March 21, 2005 order, the court finds that this action does not raise a substantial issue meriting relief from judgment and therefore denies the motion. Under 28 U.S.C. § 1915(a)(3), the court is required to determine if the plaintiff's appeal is taken in good faith. "Good faith" within the meaning of § 1915(a)(3) is not about the plaintiff's sincerity in requesting appellate review. Rather, an appeal taken in "good faith" is an appeal that, objectively considered, raises non-frivolous colorable issues. See Cruz v. Hauck, 404 U.S. 59, 62 (1971); see also Coppedge v. United States, 369 U.S. 438, 445 (1962). The court cannot find a good faith basis for his appeal. See Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000), where the court held that an appeal from a dismissal for frivolousness cannot be in good faith.

However, the United States Court of Appeals for the Seventh Circuit has ruled that where the appellant was authorized to proceed in forma pauperis in the district court, a district judge who after receiving the notice of appeal doubts that it is in good faith should, before denying the appellant's in forma pauperis status, give him an opportunity to submit a statement of his grounds for appealing. See Celske v. Edwards, 164 F.3d 396 (7th Cir. 1999). A plaintiff that identifies issues that are debatable among jurists of reasons, that could be resolved in a different manner, or that are sufficient to deserve encouragement to proceed further demonstrate a good faith basis for an appeal. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998).

Under 28 U.S.C. 1915(a)(3), the court is required to determine if the plaintiff's appeal is taken in good faith. See Newlin at 433-434. "Good faith" within the meaning of 1915(a)(3) is not about the plaintiff's sincerity in requesting appellate review. Rather an appeal taken in good faith is an appeal that, objectively considered, raises non-frivolous colorable issues. See Cruz v. Hauck, 404 U.S. 59, 62 (1971); see also Coppedge v. United States, 369 U.S. 438, 445 (1962).

Furthermore, a review of the record indicates that the plaintiff has filed an impermissible interlocutory appeal. The plaintiff has not motioned the court for leave to file an interlocutory appeal. Further, the plaintiff has stated no basis for allowing an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The court does not feel that an immediate appeal would materially advance the ultimate termination of the litigation.

IT IS THEREFORE ORDERED:

1. The plaintiff is directed to submit a brief informing the court of any basis for allowing an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and his grounds for appealing the court's March 21, 2005 order within fourteen (14) days from the date of this order. If the plaintiff fails to respond within the time specified, the court will make an assessment of the issue of good faith without further consideration.  The defendants are directed to file a response to the plaintiff's brief within fourteen days.
2. The clerk of the court is directed to forward a copy of this order to the United States Court of Appeals for the Seventh Circuit.

Enter this 31st day of January 2006.

/s/ Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE