UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

NOEL CINTRON,
        Plaintiff,

        v.        No. 02-3229

GARY JONES, Correctional Officer,
DONALD N. SNYDER, JR., Director
Illinois Department of Corrections,
WALTER GROESCH, Warden Taylorville
Correctional Center and DAVID
FREEMAN, Warden Taylorville
Correctional Center, et al.,
        Defendants.

**ORDER**

      Before the court are the defendants' summary judgment motion [59] pursuant to Federal Rule of Civil Procedure 56(b) and the plaintiff's response thereto [63].

**Standard**

      Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P.56(c); *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001), *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)*; Herman v. National Broadcasting Co., Inc.*, 744 F.2d 604, 607 (7th Cir. 1984), *cert. denied*, 470 U.S. 1028 (1985).  In determining whether factual issues exist, the court must view all the evidence in the light most favorable to the non-moving party.  *Beraha v. Baxter Health Corp.,* 956 F.2d 1436, 1440 (7th Cir. 1992).  Further, this burden can be satisfied by "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.  If such a showing is made, the burden shifts to the non-movant to "set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); *Outlaw*, 259 F.3d at 837.  A nonmoving party cannot rest on its pleadings, but must demonstrate that there is admissible evidence that will support its position.  *Tolle v. Carroll Touch, Inc.,* 23 F.3d 174, 178 (7th Cir. 1994).  Credibility questions "defeat summary judgment only '[w]here an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility.'" *Outlaw*, 259 F.3d at 838, *citing* Advisory Committee Notes, 1963 Amendment to Fed. R. Civ. P. 56(e)(other citations omitted).

Fed. Rule Civ. Pro. Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party there is no 'genuine' issue for trial." *Mechnig v. Sears, Roebuck & Co.*, 864 F.2d 1359 (7th Cir. 1988). A "metaphysical doubt" will not suffice. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Disputed facts are material only if they might affect the outcome of the suit. *First Ind. Bank v. Baker,* 957 F.2d 506, 507-08 (7th Cir. 1992). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, *247-248, 106 S.Ct. 2505, 2510 (1986).

## Background

The plaintiff, is an inmate in the custody of the Illinois Department of Corrections and currently housed at Robinson Correctional Center. He has brought before this court a complaint filed under 42 U.S.C. §1983. The plaintiff claims that on April 21, 2001, defendant Correctional Officer Gary Jones made sexually suggestive remarks to the plaintiff while he "placed his right hand on the plaintiff's left shoulder, in a restraining manner....." (complaint, p. 4). The plaintiff then claims that defendant Jones "intentionally stepped on plaintiff's left foot and walked away laughing" and did not adequately address his complaints of defendant Jones' conduct (complaint, p. 4). The plaintiff then alleges that on April 26, 2001 defendant Correctional Lieutenant Phil Huber laughed at him when he was being interviewed by Internal Affairs regarding the incident (complaint, p. 5). The plaintiff further alleges that on September 26, 2001 defendant Jones stated to him "You're gay! Do you like boys? All Hispanics are gay" (complaint, p. 5). Last, the plaintiff alleges that he was again verbally harassed by defendant Jones on October 1, October 17, November 7, and November 11, 2001 (complaint, p. 5). The plaintiff claims that the above conduct by the defendants violated his 8th and 14th Amendment rights. The plaintiff seeks fees and costs, compensatory and punitive damages in the amount of $1,000,000, and for the court to order Taylorville Correctional Center Staff to attend sensitivity and minority rights classes (complaint, p. 5).

## Undisputed Material Facts

1. The only alleged physical contact between the plaintiff and any of the defendants at any time relevant to plaintiff's complaint occurred on April 21, 2001, when plaintiff alleges that defendant Jones made sexually suggestive remarks to the plaintiff while he "placed his right hand on the plaintiff's left shoulder, in a restraining manner....." and "intentionally stepped on plaintiff's left foot." See plaintiff's complaint, p. 4, and deposition of the plaintiff, p. 21, lines 8-21, defendants' exhibit A [60].

2. Plaintiff has claimed no physical injury as a result of the alleged April 21, 2001 injury. See plaintiff's complaint, p. 4-5
3. The only individuals who were present during the April 21, 2001 incident were fellow inmates who were working out with the plaintiff when defendant Jones committed the alleged acts described above. See plaintiff's complaint, p. 4, and deposition of the plaintiff, p. 5 lines 19-20, p. 6. lines 1-6 [60] attached as defendants' exhibit A.
4. During defendant David Freeman's tenure as Warden of Taylorville Correctional Center, from August 1, 2001 to February 15, 2004, defendant Freeman routinely delegated the task of reviewing inmate grievances, and facility grievance officer responses to inmate grievances, to subordinates. Defendant Freeman did not personally investigate the circumstances surrounding the plaintiff's grievances of the conduct of defendant Jones. See affidavit of David Freeman, attached hereto and incorporated herein by reference as defendants' exhibit B, and plaintiff's complaint, exhibits 10, 13, 16[1].
5. During defendant Donald Snyder's tenure as Director of the Illinois Department of Corrections, defendant Snyder routinely delegated the task of reviewing inmate grievances, and Administrative Review Board responses to inmate grievances, to subordinates. Defendant Snyder did not personally investigate the circumstances surrounding the plaintiff's grievances of the conduct of defendant Jones. See plaintiff's deposition, p. 28, lines 10-16 and affidavit of Donald Snyder, defendants' exhibit C [60] and plaintiff's complaint, exhibits 9, 11, 14[2] [60].

**Discussion and Conclusion**

Verbal Harassment - It is well-settled that derogatory racial remarks and verbal threats by a correctional officer or prison officials are insufficient grounds for relief under §1983. "[R]acially derogatory language, while unprofessional and deplorable, does not violate the Constitution. . . [citations omitted]. Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." *Dewalt V. Carter,* 224 F.3d 607, 612 (7th Cir. 2000)(citations omitted). See also *Black Spotted Horse v. Else*, 767 F.2d 516, 517 (8th Cir. 1985); Wright v. Santoro, 714 F.Supp. 665, 667 (S.D.N.Y. 1989). Mere claim's of verbal assault, even if true, are constitutionally insignificant. *See Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979). A plaintiff must allege more than that he was subjected to "verbal taunts" in order to state a constitutional claim. *See Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) (citing Ballard v. Elsea, 502 F.Supp. 105, 106-107 (W.D. Wis. 1980)).

---

[1] These exhibits indicate initials after the signature of defendant David Freeman, indicating a designee signed the document in defendant Freeman's stead.

[2] These exhibits indicate initials after the signature of defendant Donald Snyder, designee signed the document in defendant Freeman's stead.

**Ability to recover under 42 U.S.C. §1983 for de minimus injuries.** A plaintiff in a suit brought pursuant to 42 U.S.C. 1983 cannot recover for *de minimis* injuries. *Tesch v. County of Green Lake*, 157 F.3d 465, 476 (7th Cir. 1998). A *de minimis* physical injury does not satisfy the requirements of 42 U.S.C. 1997e(e). *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *Rahim v. Sheahan*, 2001 U.S. Dist. LEXIS 17214 at *28 (N.D. Ill. October 18, 2001).

**Inmate Grievance Process** - An inmate does not have a substantive due process right to a grievance procedure. Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1995)(finding the plaintiff had no right to a grievance procedure adequate to offer redress of his grievances). The only right attached to the grievance process is a procedural one, that an inmate must be allowed to exhaust his administrative remedies in order to pursue his right of access to the courts. *Antonelli* at 1430; *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000).

**Personal Involvement** - The plaintiff must show that each defendant caused or participated in an alleged constitutional deprivation. *Duckworth v. Franzen*, 780 F.2d 645, 649 (7th Cir. 1985). The Constitution does not make supervisory officer holders responsible for the acts or omissions of others. *Walker v. Rowe*, 791 F. 2d 507, 508 (7th Cir. 1986), *quoting Ustrak v. Fairman*, 781 F. 2d 573, 575 (7 Cir. 1986) and *Duckworth v. Franzen*, 780 F. 2d 645, 650 (7th Cir. 1985), cert. denied, 479 U.S. 816 (1986). To show that an official satisfies the personal responsibility requirement under 42 U.S.C. §1983, a plaintiff must show that a defendant acted or failed to act with deliberate or reckless disregard of plaintiff's constitutional rights or that the conduct causing the constitutional deprivation occurred at the defendant's direction or with his knowledge or consent. *Smith v. Rowe*, 761 F.2d 360 (7th Cir. 1985), *quoting Crowder v. Lash*, 689 F. 2d 996, 1005 (7th Cir. 1982). The plaintiff must establish the causal link between the defendant and resulting violations to plaintiff. *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1984).

As already stated above, the April 21, 2001 incident involving Defendant Jones does not rise to the level of a constitutional violation. The only alleged physical contact between the plaintiff and any of the defendants at any time relevant to plaintiff's complaint occurred on April 21, 2001, when plaintiff alleges that defendant Jones made sexually suggestive remarks to the plaintiff while he "placed his right hand on the plaintiff's left shoulder, in a restraining manner....." and "intentionally stepped on plaintiff's left foot." See undisputed material fact number one. As stated above, per Black Spotted Horse, it is well-settled that derogatory racial remarks and verbal threats by a correctional officer or prison officials are insufficient grounds for relief under §1983. Therefore, the defendants are entitled to judgment as a matter of law in regard to the remaining incidents plaintiff alleges occurred, in which derogatory racial remarks and verbal threats were allegedly made by defendant Jones.

Furthermore, the plaintiff at most suffered no more than de minimus injuries as the result of the April 21, 2001 incident -- officer placing his right hand on the plaintiff's left shoulder, in a restraining manner and and stepping on left foot – and is thus prevent from recovery under 42 U.S.C. Section 1983. The plaintiff has not alleged suffering any physical injury as a result of the

April 21, 2001 incident. See undisputed material fact number two. Further, plaintiff in his complaint nowhere makes mention of an attempt to obtain any medical treatment for any injuries received as a result of the defendants' alleged actions. Assuming arguendo that plaintiff suffered even a *de minimus* injury, as stated above, per *Tesch* a plaintiff in a suit brought pursuant to 42 U.S.C. 1983 cannot recover for *de minimis* injuries. Therefore, defendants are entitled to judgment as a matter of law in regard to plaintiff's allegations regarding the April 21, 2001 incident.

As the April 21 2001 incident does not rise to the level of a constitutional violation and the plaintiff has no right to an inmate grievance procedure, the court finds that the defendants Huber, Freeman and Snyder did not violate the plaintiff's constitutional rights. None of these defendants were personally responsible for the April 21 2001 incident involving Jones, and most important the April 21, 2001 claim against Jones fails as a matter of law. As stated above, per Antonelli and DeWalt, the only right to attached to the grievance process is a procedural one, in that an inmate must be allowed to exhaust his administrative remedies in order to pursue his right of access to the courts. The plaintiff has not alleged that defendants have not allowed him to exhaust his administrative remedies in order to gain access to the courts, and therefore defendants are entitled to judgment as a matter of law regarding the portion of plaintiff's complaint that relates to an alleged failure on the part of defendant Huber to adequately investigate plaintiff's complaints of defendant Jones' conduct.

**It is therefore ordered:**

1. **Pursuant to Fed. R. Civ. Pro. Rule 56(c), the defendants' summary judgment motion is allowed [59]. The clerk of the court is directed to enter judgment in favor of the defendants against the plaintiff. The case is terminated. The parties are to bear their own costs.**
2. **If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal. Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another strike under 28 U.S.C. 1915(g).**

**Enter this 8th day of March 2007.**

/s/ Harold A. Baker
_____
**Harold A. Baker**
**United States District Judge**